21-19-cr
*United States v. Delgado*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:    Dennis Jacobs,
            Steven J. Menashi,
                 *Circuit Judges*
            Lewis A. Kaplan,
                 *District Judge.*[*]

_____

United States of America,

     *Appellee,*

   v.                                                            No. 21-19

_____

[*] Judge Lewis A. Kaplan of the United States District Court for the Southern District of New York, sitting by designation.

Juan Torres-Fernandez, AKA Johnny, Luis Alamo,

*Defendants,*

Carlos Delgado, AKA Los,

*Defendant-Appellant.*

_____

| | |
|---|---|
| *For Appellee*: | Natasha M. Freismuth, Esq., Marc H. Silverman, Esq., for Leonard C. Boyle, Esq., Acting United States Attorney for the District of Connecticut, New Haven, CT |
| *For Appellant*: | Carlos Delgado, pro se, Berlin, NH |

Appeal from a judgment of the United States District Court for the District Court for the District of Connecticut (Hall, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Carlos Delgado, proceeding pro se in the district court and on appeal, was convicted of drug trafficking and possessing a firearm as a felon. In 2018, Delgado oversaw an operation that used the U.S. Postal Service to send drugs and drug proceeds between Puerto Rico and Connecticut. Following an investigation, a

magistrate judge authorized an arrest warrant for Delgado, and search warrants for his home and vehicles, based on an affidavit submitted by a DEA task force officer, which relied largely on information that one of Delgado's associates provided. Officers executing the warrants recovered more than $110,000 in cash from Delgado's home, along with more than one kilogram of heroin and five guns. Before trial, Delgado filed a motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the validity of the warrants, arguing that the affidavit in support of the warrants deliberately or recklessly misled the magistrate judge. He also moved to suppress evidence recovered from his home, arguing that the search warrant was not supported by probable cause.

The district court denied both motions, reasoning that law enforcement adequately corroborated the informant's tips and that the warrant was valid and supported by probable cause. Delgado was tried, convicted, and sentenced. He timely filed this appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

"[T]he purpose of a *Franks* hearing is for a defendant to demonstrate that statements in an affidavit intentionally or recklessly misled a district court." *United*

3

*States v. Thomas*, 788 F.3d 345, 349 n.6 (2d Cir. 2015). To show entitlement to a hearing under *Franks*, a defendant must make a "substantial preliminary showing" that (1) any inaccuracies in the affidavit supporting the warrant were made "knowingly and intentionally, or with reckless disregard for the truth," and (2) such inaccuracies were "necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. We have not established the proper standard of review for evaluating the denial of a *Franks* hearing. *See United States v. Falso*, 544 F.3d 110, 126 n.21 (2d Cir. 2008) (noting the lack of clarity as to the appropriate standard). But even after conducting a *de novo* review, we conclude that the district court did not err by denying Delgado's motion for a *Franks* hearing.

As to the first prong, "a presumption of validity" attaches to an "affidavit supporting [a] search warrant" and therefore general "[a]llegations of negligence or innocent mistake are insufficient" to establish entitlement to a hearing. *Franks*, 438 U.S. at 171. The inquiry, moreover, focuses exclusively on the statements "of the affiant, not of any nongovernmental informant." *Id.* Delgado does not make the required showing. He asserts on appeal—as he did before the district court— that paragraph 48 of the DEA task officer's affidavit misleadingly alleged that he

4

possessed an intercepted parcel containing one kilogram of cocaine. That paragraph read as follows:

> On June 26, 2018, the Honorable U.S. Magistrate Judge Robert A. Richardson also issued a search warrant for a second parcel that was sent from Puerto Rico and addressed [to] Ryan PEHOWDY, 2979 Main Street, Coventry, Connecticut. The Priority Mail parcel displayed Priority Mail label number 9505 5103 3621 8171 2762 57, handwritten Priority Mail address label addressed to RYAN PEHOWDY, 2979 MAIN ST. COVENTRY, CT 06238, and a return address of NICOL MARTINEZ, PORTICOS DE GUAYNABO EDIFICIO 4 APT #202 GUAYNABO, P.R. 00959. The subsequent execution of that search warrant revealed that the parcel in question contained approximately 1 kilogram of suspected cocaine. A field test conducted on a portion of the suspected cocaine returned a positive reaction for the presence of cocaine.

We agree with the district court that this paragraph did not suggest that Delgado personally possessed the parcel; it did not even reference Delgado. Instead, as the district court correctly observed, the inclusion of paragraph 48 demonstrates generally that Delgado and his associates used the U.S. Postal Service to ship illegal drugs from Puerto Rico to Connecticut roughly two weeks before law enforcement sought the warrants, and the subsequent search of this parcel corroborated the informant's report alleging the same. Accordingly, Delgado failed to raise an inference that paragraph 48 contained a "deliberate falsehood" or was prepared with a "reckless disregard for the truth." *Id.*

5

Even if paragraph 48 had implied that Delgado personally possessed the parcel, the paragraph was not "necessary to the finding of probable cause." *Id.* at 156. In arguing to the contrary, Delgado asserts that the affidavit's remaining portions consisted of "unsubstantiated hearsay statements from an unproven confidential source and officer training and experience opinions." Appellant's Br. 28. That is inaccurate. Among other things, the affidavit alleged the following three examples of Delgado's involvement in the drug trafficking organization: (1) Delgado's presence—confirmed by cellphone location data—near a Connecticut address the informant supplied to which a package was shipped from Puerto Rico; (2) Delgado's presence—also confirmed by cellphone location data—near a Connecticut post office at which law enforcement intercepted a Puerto Rico-bound parcel containing $26,800; and (3) law enforcement's subsequent interception of $9,900 shipped from Delgado's Connecticut address to Puerto Rico using the same name as that used to ship the $26,800.

Delgado next attacks the affidavit's reliance on the informant's information that was not corroborated. This challenge has no merit. As the district court correctly observed, law enforcement independently corroborated several tips that the informant had provided, including: (1) his or her provision of Delgado's

6

personal telephone number, which officers confirmed with personal observations of Delgado and cellphone location data; (2) Delgado's use of a black Cadillac in his operations; and (3) officers' observation of Delgado's truck near an informant-provided address after the informant told the officers that he notified Delgado about a package delivery. While the investigators did not corroborate all of the information provided by the informant, we have recognized that "[i]f a substantial amount of information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that he provides, though uncorroborated, is also reliable." *United States v. Wagner*, 989 F.2d 69, 73 (2d Cir. 1993). The district court therefore correctly found that the affidavit adequately established the information's credibility.

Delgado's other lines of attack on the informant's reliability are unavailing. First, Delgado argues that the affidavit omitted certain details about packages the informant received, such as tracking numbers and hard copies of recipient signatures. As the district court explained, this level of detail is not necessary to establish probable cause. Delgado also complains about the absence of any information related to a canine sniff of the package Delgado retrieved from the

7

informant. There is a simple reason for this omission: investigators did not conduct a canine sniff of the package.

In sum, Delgado's attacks fall short of showing that the affiant falsely—or in reckless disregard of the truth—omitted information material to the evaluation of the informant's credibility. The district court therefore properly denied Delgado's motion to hold a *Franks* hearing.

## II

The defendant also filed a pro se motion to suppress the evidence recovered from his house, arguing that the affidavit failed to establish probable cause. The district court denied this motion, holding that the warrants were supported by probable cause.

We review the denial of a motion to suppress "for clear error as to factual findings, giving special deference to findings that are based on determinations of witness credibility, and *de novo* as to questions of law." *United States v. Lyle*, 919 F.3d 716, 727 (2d Cir. 2019) (internal quotation marks omitted). Probable cause is "a fluid concept," and in deciding whether to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including

8

the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 232, 238 (1983).

Delgado characterizes the task officer's affidavit as "bare bones" and asserts that it was based on the informant's "unsubstantiated conclusions of narcotics[] activity using the US mail." Appellant's Br. 60, 63. The affidavit relied largely on the informant's tips, but as detailed above, the officers corroborated several of these tips, and the district court therefore drew the "permissible inference that the informant [wa]s reliable" and that "other information that he [or she] provide[d], though uncorroborated, [wa]s also reliable." *Wagner*, 989 F.2d at 73. In addition to the evidence summarized above, the affidavit also described the officers' observation of Delgado returning home after retrieving a package from the informant that was shipped from Puerto Rico; a traffic stop of one of Delgado's associates after the associate left Delgado's residence during which law enforcement recovered cocaine; and the officers' repeated observation of vehicles Delgado used to transport postal packages that were parked near Delgado's home, including one that contained a dashboard trap. The affidavit contained sufficient

evidence to establish probable cause and the district court properly denied Delgado's motion to suppress.

In arguing to the contrary, Delgado asserts that the evidence that formed the basis of the search warrant was stale because the alleged narcotics activity at his residence occurred more than four weeks prior to the issuance of the challenged search warrant. There is "no bright-line rule for staleness." *United States v. Raymonda*, 780 F.3d 105, 114 (2d Cir. 2015). Instead, courts evaluate "the facts of each case," looking specifically to "the age of the facts alleged and the nature of the conduct alleged to have violated the law." *Id.* (internal quotation marks omitted). When, as in this case, there is "a pattern of continuing criminal activity, such that there is reason to believe that the cited activity was probably not a one-time occurrence, the passage of time between the last alleged event and the warrant application is less significant." *Id.* (internal quotation marks omitted). Here, the affidavit outlined evidence of Delgado's shipment of drug proceeds from his residence in the two weeks prior to the search warrant being issued. Under these circumstances, we are not persuaded by Delgado's staleness challenge.

*    *    *

We have considered Delgado's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court and **DENY** Delgado's motion for summary reversal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court